IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

| | |
|---|---|
| KIMBERLY HENRY, | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:17-cv-01789 |
| OCWEN LOAN SERVICING, LLC, | DEFENDANT |

## COMPLAINT

1. The Plaintiff, Kimberly Henry, is a resident of Cabell County, West Virginia.

2. The Defendant, Ocwen Loan Servicing, LLC, (herein "Ocwen") is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's allegations present a federal question pursuant to the federal Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in Cabell County, West Virginia.

### Factual Background

5. In approximately May 2014, Plaintiff's home burned down in a fire.

6. The home was a total loss with no increase or decrease in equity.

*1*

7. Ocwen refused to provide Plaintiff's insurer a payoff quote.

8. Ocwen repeatedly withheld a payoff quote by claiming it needed an appraisal of the property.

9. Ocwen had multiple appraisals of the property in its possession already.

10. Ocwen knew that Plaintiff's home had burned to the ground and that there was nothing left to 'appraise.'

11. Plaintiff's insurer mailed Ocwen a check in the amount of approximately $59,398.77 in August 2014.

12. This amount was the total amount due on Plaintiff's monthly statements.

13. Ocwen received the payment on August 18, 2014.

14. On August 23, 2014, Ocwen wrote to Plaintiff and stated "[p]ayoff funds have been received on the loan."

15. Ocwen mailed Plaintiff a monthly statement on August 18, 2014, which listed the amount due for the principal balance on the loan as $59,389.77 -- the same amount as was sent by Plaintiff's insurer.

16. Rather than applying the insurance proceeds to the balance of the loan, Ocwen began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.

17. In October 2014, Ocwen falsely stated that Plaintiff's home was 'vacant' and

threatened to assert dominion and control by winterizing the home.

18. In October 2014, Ocwen knew that Plaintiff's home had burned to the ground.

19. Plaintiff retained an attorney in October 2014, who repeatedly contacted Ocwen requesting that the debt collection cease and that the insurance proceeds be applied to the outstanding balance due on the loan.

20. Rather than applying the Plaintiff's insurance payment, Ocwen continued to add fees and interest to the loan balance.

21. Ocwen threatened to evict Plaintiff from her property.

22. Ocwen continues to claim that Plaintiff owed additional funds.

23. Ocwen continued to directly contact Plaintiff regarding the loan despite the fact that it knew Plaintiff was represented by counsel.

24. Ocwen continued to negatively report Plaintiff's loan as delinquent to the credit reporting agencies.

25. Plaintiff disputed Ocwen's credit reporting to the credit reporting agencies in September 2016.

26. Ocwen received these disputes from the credit reporting agencies.

27. Ocwen continued to confirm falsely that Plaintiff was delinquent on her home loan and facing foreclosure.

28. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused

indignation and distress due to the fear of the loss of her home.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

29. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

30. The Plaintiff is a "person" who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

31. The Defendant, Ocwen Loan Servicing, LLC, is a debt collectors as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Cabell County, West Virginia.

32. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a. failing to credit amounts paid upon receipt from Plaintiff in violation of *West Virginia Code* § 46A-2-115(c);

    b. attempting to collect a debt by threats and coercion with threats of foreclosure and eviction in violation of *West Virginia Code* §46A-2-124;

    c. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

  d. utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiff's mortgage loan status in an attempt to collect a debt or obtain information regarding Plaintiff in violation of *West Virginia Code* §46A-2-127; and

  e. using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128.

33. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II
### *TORT OF OUTRAGE*

34. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

35. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

  a. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

  b. Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

  c. Insofar as Defendant's conduct caused a phone to ring with the intent to

harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3), §61-8-16(a)(4), §61-8-16(b) and §61-3C-14a;

    d. After suffering the devastating loss of her home to a fire, Plaintiff's insurance provided Defendant with a full loan payoff, and yet Defendant persisted in pursuing foreclosure and seeking to have Plaintiff forfeit her property wherein she and her family resided;

    e. Defendant refused to investigate the status of Plaintiff's mortgage loan and instead sought foreclosure when a simple investigation would reveal that Defendant was paid in full.

36. As a result of Defendant's actions, the Plaintiff has suffered emotional distress.

37. As a result of Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT III

#### *COMMON LAW INVASION OF PRIVACY*

38. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

39. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago*, 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely

an important value." *Carey v. Brown*, 447 U.S. 455, 471 (1980).

40. The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls. In fact, Plaintiff enjoys the "right to avoid unwelcome speech...in the privacy of [their] home." *Hill v. Colorado*, 530 U.S. 703, 717, 120 S. Ct. 2480, 147 L. Ed. 2d 597 (2000). Defendants' debt collection activities interject commercial speech directly into Plaintiff's home against her wishes. Defendants' right to engage in this manner of speech is in direct conflict with Plaintiff's right to privacy in her home. Where these two rights are in the balance, it is the right to privacy that generally carries more weight. See, *e.g.*, *Rowan v. United States Post Office Dept*, 397 U.S. 728, 90 S. Ct. 1484, 25 L. Ed. 2d 736 (1970) (upholding a law prohibiting advertisers from sending mail to persons who have requested to be removed from mailing lists); *Nat'l Fed'n of the Blind v. FTC*, 420 F.3d 331 (4th Cir. 2005) (upholding restrictions on telemarketing calls by charitable organizations); *Mainstream Mktg. Servs. v. FTC*, 358 F.3d 1228 (10th Cir.2004) (rejecting challenge to national do-not-call registry).

41. The Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, private concerns, and affairs to be free from harassing and annoying collection efforts, solicitations, and intrusions onto her property in her home.

42. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns of this Plaintiff, namely by repeatedly and unlawfully attempting to collect a debt and calling

Plaintiff's telephone, and attempting to foreclose upon Plaintiff's real property, and thereby invaded Plaintiff's privacy.

43. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

44. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### *FAILURE TO INVESTIGATE*

45. Plaintiff realleges and incorporates the preceding paragraphs above as if fully set out herein.

46. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ocwen violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the representations.

47. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ocwen violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title.

48. As a result of this conduct, action and inaction of Ocwen, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

49. Ocwen's conduct, action and inactions were willful, rendering Ocwen liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Ocwen was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

50. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from Ocwen in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT V

### *CONVERSION*

51. Plaintiff incorporates the previous paragraphs by reference.

52. Defendants forced placed homeowners insurance on the Plaintiff.

53. Defendant received a payment from Plaintiff in amount to cover the amount due on the property.

54. Defendant refused to apply the payment amount to Plaintiff's balance and instead placed the money in a 'suspense' account.

55. Defendant then continued to charge the Plaintiff for additional fees and costs associated with Plaintiff's property loan.

56. The Defendant had no right to keep the Plaintiff's payment and continue to charge Plaintiff for excessive amounts of loan and finance charges and converted money from the Plaintiff for their own benefit.

57. As a result of the Defendant's actions, the Plaintiff's payment was converted for the benefit of the Defendant.

### DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

A. Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) and pursuant to 15 U.S.C. §1681n and 1681o for all such violations that occurred up to the date and time of the filing of this complaint;

B. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104 and pursuant to 15 U.S.C. §1681n, o;

D. The Plaintiff be granted general compensatory damages and punitive damages for Defendants' conduct alleged in Count II, III, and IV; and

E. Such other relief as the Court shall deem meet and proper under the attendant circumstances.

**KIMBERLY HENRY**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY:  /s/Jed R. Nolan
    Ralph C. Young *(W. Va. Bar #4176)*
        ryoung@hamiltonburgess.com
    Christopher B. Frost *(W. Va. Bar #9411)*
        cfrost@hamiltonburgess.com
    Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
        sbroadwater@hamiltonburgess.com
    Jed R. Nolan *(W. Va. Bar #10833)*
        jnolan@hamiltonburgess.com
    *Counsel for Plaintiff*
    P O Box 959
    Fayetteville, WV 25840
    304-574-2727