# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

KIMBERLY HENRY,

        Plaintiff,

v.                              CIVIL ACTION NO. 3:17-1789

OCWEN LOAN SERVICING, LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Kimberly Henry's Motion to Amend Complaint. ECF No. 31. For the following reasons, the Court **GRANTS** the motion.

## I.
## FACTUAL BACKGROUND

Plaintiff filed this action against Defendant Ocwen Loan Servicing, LLC on March 10, 2017. In her Complaint, Plaintiff alleges that her house was totally destroyed by a fire in May of 2014. Despite the house being a complete loss with no change in equity, Plaintiff states that Defendant refused to give her insurance company a payoff quote until Defendant received a property appraisal.[1] In August 2014, Plaintiff's insurer sent Defendant a check for the total amount due on Plaintiff's monthly statements. Defendant acknowledged receipt of the funds on August 23, 2014. Nevertheless, Plaintiff alleges that Defendant did not apply the insurance proceeds to the loan balance, and it began collection efforts against Plaintiff.

---

[1] Plaintiff asserts Defendant already had multiple appraisals in its possession.

In October 2014, Plaintiff states she retained counsel, and her counsel repeatedly contacted Defendant and requested the insurance proceeds be applied to the loan and collection efforts cease. According to Plaintiff, Defendant nevertheless did not apply the proceeds to the loan and added fees and interest, threatened to evict her, claimed she owed additional funds, and reported she was delinquent to credit reporting agencies. As a result, Plaintiff filed this action, alleging violations of the West Virginia Consumer Credit and Protection Act (WVCCPA) (Count I), Outrage (Count II), Common Law Invasion of Privacy (Count III), Failure to Investigate (Count IV), and Conversion (Count V).

Soon after discovery commenced, Defendant produced a "Payoff Quote" dated September 4, 2014. This document provides, in part, for a "Satisfaction Cost," and that, "[i]f the account is past due, collection expenses and legal fees may be accruing." *Payoff Quote*, at 1 & 2 ¶8, in part, ECF No. 31-2. Plaintiff asserts this language is an unlawful threat under the WVCCPA. Therefore, Plaintiff filed the current motion to bring a claim for additional violations of the WVCCPA on her own behalf and on behalf of a class. Plaintiff filed the motion on August 4, 2017, which was the deadline this Court established for amendments of pleadings in the Scheduling Order entered on June 16, 2017. Defendant objects to the motion.

## II.
## DISCUSSION

After a responsive pleading has been filed, Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendment of a complaint by leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted).

Nevertheless, it is well established that a court may deny a motion to amend if the proposed amendment would be futile. *Id.* "An amendment is futile if the amended claim would fail to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Hall v. Greystar Mgmt. Servs.*, L.P., 637 F. App'x 93, 97 (4th Cir. 2016) (citation omitted). In this case, Defendant contends Plaintiff's motion should be denied as futile for two reasons.

First, Defendant argues Plaintiff's motion is improper because she failed to fulfill the statutory prerequisites for filing an action against a creditor under the WVCCPA. Specifically, West Virginia Code § 46A-5-108(a) states, in relevant part, that:

> [n]o action may be brought . . . until the consumer has informed the creditor or debt collector . . . of the alleged violation and the factual basis for the violation and provide the creditor or debt collector . . . twenty days in the case a cause of action has already been filed to make a cure offer . . .: *Provided*, That the consumer shall have twenty days from receipt of the cure offer to accept the cure offer or it is deemed refused and withdrawn.

W. Va. Code § 46A-5-108(a), in part (italics original). Pursuant to this statute, Defendant asserts that, prior to filing an action, Plaintiff was required to give it notice and then give Defendant twenty days to make an offer to remedy the situation. As Plaintiff did not comply with this right to cure provision, Defendant argues Plaintiff's claim fails as a matter of law.

On the other hand, Plaintiff argues that, as an action already existed at the time she moved to amend, she complied with the statute because she contemporaneously sent Defendant notice of its right to cure with her motion to amend.[2] According to Plaintiff, the onus then was on

---

[2] West Virginia Code § 46A-5-108 became effective on July 4, 2017, which was after Plaintiff's original action was filed.

Defendant to attempt to cure, and she was not obliged to wait twenty days before she filed her motion because she was merely bringing a new claim, not an "action." In fact, Plaintiff states Defendant actually made an offer to cure within twenty days of Plaintiff's notice, and her motion to amend did not even become ripe until August 25, when she filed her Reply brief. Moreover, even if the term "action" is construed to encompass a new "claim," Plaintiff argues it does not matter in this case because her proposed First Amended Class Action Complaint is merely an exhibit attached to her motion. As the motion to amend was not granted within the twenty-day right to cure time period, the new claim was never filed against Defendant before the time period expired. Thus, Plaintiff insists there simply is no violation of the statute.

Upon review, the Court agrees with Plaintiff that, regardless of whether a "claim" is an "action" under the statute, Defendant was given notice and its right to cure during the pendency of Plaintiff's motion to amend. Thus, Defendant was given its full opportunity under the statute to remedy any alleged violation before any new claim actually was filed against it. Unless and until a court grants a motion to amend, the proposed amended complaint is just that—a proposal. Therefore, the Court finds the statute was not violated under the facts of this case.[3]

Second, Defendant argues the proposed amendment is futile because it is permitted to charge the costs set forth in the "Payoff Quote" it sent. Specifically, Defendant asserts that the "Satisfaction Cost" it charges is for the recording fee for a release of the deed of trust when it is paid in full, and Plaintiff agreed to pay all recording costs. In addition, Defendant argues that the

---

[3]The Court declines to address Plaintiff's argument that a "claim" is not an "action" because such a determination is unnecessary in this case.

"legal fees" it assesses are permitted and they are not "attorney's fees." In any event, Defendant further argues that, because Plaintiff maintains she was not in default, the alleged offending language is inapplicable to her as it only applies to past due accounts.

Upon consideration, the Court finds it premature at this initial stage of the proceedings to determine what Defendant actually intended when it referenced "legal fees" and "Satisfaction Cost" and whether the language applied to Plaintiff and violates the WVCCPA. Moreover, as indicated by Plaintiff, Defendant has made no attempt to argue that "collection expenses" as contained in the Payoff Quote are permissible under the WVCCPA. Plaintiff argues they are plainly not allowed under West Virginia Code § 46A-2-128(c) and (d), and her claim could stand on that ground alone.[4] Given Plaintiff's new claim is at least plausible, the Court rejects Defendant's futility argument and **GRANTS** Plaintiff's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Amend Complaint (ECF No. 31) and **DIRECTS** the Clerk of this Court to file the First Amended Class Action Complaint.

---

[4]These sections providing, in relevant part, that the statute is violated by "[t]he collection or the attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered" and "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating or modifying the obligation and by statute or regulation." W. Va. Code § 46A-2-128(c) and (d), in part.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 16, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE