**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**KIMBERLY HENRY, on behalf of herself
and all others similarly situated,**

     *Plaintiff,*

**v.**                                           **Civil Action No. 3:17-cv-01789**

**OCWEN LOAN SERVICING, LLC,**

     *Defendant.*

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
CERTIFYING THE SETTLEMENT CLASS
AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**

The parties to the above-captioned action (the "Action") filed against Ocwen Loan Servicing, LLC ("Ocwen"), have agreed to settle the Action pursuant to the terms and conditions set forth in an executed Settlement Agreement (the "Settlement"). The parties reached the Settlement through arms'-length negotiations with the assistance of Rodney Max, an experienced and well-respected mediator.

Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class would fully, finally, and forever resolve, discharge and release their claims in exchange for Ocwen's payment of $1,975,000.00, inclusive of all attorneys' fees and expenses and a service award to Plaintiff, both in amounts to be approved by the Court, and the costs of class notice and administration, to create a common fund to benefit the Settlement Class.

The Settlement has been filed with the Court, and Plaintiff has filed an Unopposed Motion for Preliminary Approval of Settlement and for Certification of the Settlement Class.

Upon considering Plaintiff's motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations, argument and recommendations of counsel, and the requirements of law, the Court finds that:

(1) for settlement purposes only, the proposed Settlement Class meets the requirements Federal Rule of Civil Procedure 23(a) and (b)(3) and should be certified;

(2) the person and entities identified below should be appointed Class Representative and Class Counsel;

(3) the Settlement is the result of informed, good faith, arms'-length negotiations between the Parties and their capable and experienced counsel, was reached with the assistance of an experienced, highly-qualified mediator, and is not the result of collusion;

(4) the Settlement is within the range of reasonableness and should be preliminarily approved;

(5) the proposed Notice satisfies Federal Rule of Civil Procedure 23(c), constitutional due process requirements, and is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, class certification, the terms of the Settlement, Class Counsel's ability to request an award of attorneys' fees and expenses ("Fee Application") and request a service award for Plaintiff, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for a service award for Plaintiff;

(6) good cause exists to schedule and conduct a Final Approval hearing to assist the Court in determining whether to grant Final Approval of the Settlement and enter final judgment, and whether to grant Class Counsel's Fee Application and request for a service award for Plaintiff; and

- 2 -

(7) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

Jurisdiction

1.      This Court has jurisdiction over the subject matter of the proposed class action against Defendant Ocwen Loan Servicing, LLC and over all parties to the lawsuit, including all members of the settlement class.

Conditional Class Certification and Appointment of Class Representative and Class Counsel

2.      The Court finds, for settlement purposes only, that the factors delineated in Federal Rule of Civil Procedure 23(a) and (b)(3) are present and that certification of the proposed Settlement Class is appropriate under Rule 23(c)(1).  The Court, therefore, certifies the following Settlement Class, consisting of two subclasses:

> Letter Subclass:  The Letter Subclass consists of all West Virginia residents with loans that were or are secured by real property located in West Virginia, whose loans Ocwen serviced during the Class Period, and who received communications from Ocwen during the Class Period in the form of or containing substantially similar language to the communications identified in the Action. Within the Letter Subclass there will be two sub-subclasses comprised of persons who received (i) letters referencing "attorney fees" and (ii) letters referencing "legal fees."

> Suspense Subclass:  The Suspense Subclass consists of all West Virginia residents with loans that were or are secured by real property located in West Virginia, whose loans Ocwen serviced during the Class Period, up until July 4, 2017, who made a partial loan payment that Ocwen did not credit to the current installment due, held in suspense, or could otherwise be deemed as unapplied funds.

3.      The Court preliminarily concludes that, for the purposes of approving this Settlement only and for no other effect on the Action should the proposed Settlement not ultimately be approved or should the Effective Date not occur, the proposed Settlement Class likely meets the requirements for certification under Federal Rule of Civil Procedure 23(a) and

(b)(3): (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class; (c) the claims of Plaintiff are typical of the claims of the members of the proposed Settlement Class; (d) Plaintiff will fairly and adequately represent the interests of the members of the proposed Settlement Class; (e) common issues will likely predominate over individual issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      The Court appoints Kimberly Henry as Class Representative for the proposed Settlement Class.

5.      The Court appoints the following firms as Class Counsel:

> BAILEY & GLASSER LLP
> Jonathan R. Marshall
> 209 Capitol Street
> Charleston, WV 25301
> (304) 345-6555
>
> HAMILTON BURGESS YOUNG & POLLARD, PLLC
> Steven R. Broadwater, Jr.
> P.O. Box 959
> Fayetteville, WV 25840
> (304) 574-2727

<u>Preliminary Approval of the Settlement</u>

6.      The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate.  The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms'-length negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator, Rodney Max.  The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible

judicial approval, such that:  (a) a presumption of fairness is appropriate for the purposes of

preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement

Class, as set forth below and in the Settlement, and schedule a Final Approval hearing to assist

the Court in determining whether to grant Final Approval to the Settlement and enter final

judgment.

<u>Approval of Notice and Notice Program and Direction to Effectuate Notice</u>

7.      The Court directs the parties to propose a Settlement Administrator for Court

approval.

8.      The Court approves the form and content of the Notice, substantially in the form

attached as Exhibit A to the Settlement.  The Court further finds that the Notice program,

described in section 13 of the Settlement, is the best practicable under the circumstances.  The

Notice program is reasonably calculated under the circumstances to apprise the Settlement Class

of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement,

Class Counsel's Fee Application and request for a service award for Plaintiffs, and their rights to

opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application,

and/or the request for a service award for Plaintiff.  The Notice and Notice program constitute

sufficient notice to all persons entitled to notice.  The Notice and Notice program satisfy all

applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure

23(c) and the Constitutional requirement of due process.

9.      Pursuant to the terms of the Settlement Agreement, Ocwen is hereby directed to

supply an electronic list to the Settlement Administrator containing the names, last known

addresses and last four digits of social security numbers of Class Members, to the extent

available from Ocwen's records, as of the date of the entry of the Preliminary Approval Order,

and the Settlement Administrator shall update the address list in accordance with the Settlement Agreement.  Defendant shall provide a copy of the address list to Class Counsel at the same time it provides the list to the Settlement Administrator.

10.     No later than thirty (30) days following entry of this Order, the Settlement Administrator shall mail the Notice by first class United States mail to the updated addresses for the Settlement Class.  If a mailed Notice is returned with a forwarding address provided by the Postal Service, the Settlement Administrator will re-mail it to the address or addresses provided. If a mailed Notice is returned without a forwarding address provided by the Postal Service, or is otherwise designated by the Postal Service as bearing an invalid address, the Settlement Administrator shall use the Transunion database, or other equivalent database, to attempt to locate an updated address for the particular member of the Settlement Class, and shall re-mail the notice to the member of the Settlement Class at the updated address.  The costs and expenses of printing, preparing and mailing the Notice shall be paid from the Settlement Fund.

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

11.     The Court directs that a Final Approval hearing shall be scheduled for October 7, , 2019, at 11:00 a.m., to assist the Court in determining whether to grant Final Approval of the Settlement and enter final judgment, and whether Class Counsel's Fee Application and request for a service award for Plaintiff should be granted.

12.     The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise the right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Notice at any time before the Opt-Out Deadline.  To be valid and timely, opt-out requests must be postmarked on or before the Opt-Out Deadline and mailed to the address indicated in the Notice, and must include:

       (a)     the Settlement Class Member's full name, current address and telephone number;

       (b)     the signature(s) of each Settlement Class Member obligated on the mortgage loan; and

       (c)     a statement of intent of all signatories not to participate in the Settlement.

The Opt-Out Deadline shall be twenty-one days prior to the Final Approval Hearing, and shall be specified in the Notice. All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by the terms of the Settlement.

13.     The Court further directs that any person in the Settlement Class who does not timely and validly opt-out of the Settlement Class may object to the Settlement, Class Counsel's Fee Application and/or the request for a service award for Plaintiff. Objections to the Settlement and/or to the Fee Application and/or the request for a service award must be mailed to the Clerk of the Court, Settlement Administrator, Class Counsel, and Ocwen's Counsel. For an objection to be considered by the Court, the objection must be postmarked no later than the Objection Deadline, which shall be twenty-one days before the Final Approval Hearing, as specified in the Notice and shall include: (a) a notice of the objector's intention to appear; (b) documentary proof that the objector is a member of the Settlement Class; (c) a specific statement regarding the basis for such objections; and (d) identification as to whether the objection applies to the entire Settlement Class, a specific subset of the Settlement Class, or only to the objector.

### Further Papers In Support Of Settlement and Fee Application

14.     Plaintiff shall file her Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for a service award for Plaintiff, no later than thirty (30) days after the Opt-Out Deadline and the Objection Deadline. If Ocwen chooses to file

- 7 -

any papers in support of the Settlement, it also must do so no later than thirty (30) days after the Opt-Out Deadline and the Objection Deadline.

Effect of Failure to Approve the Settlement

15.     In the event the Settlement is not approved by the Court, the Effective Date fails to occur, or for any reason the Parties fail to obtain a final judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

a.   All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

b.   Nothing contained in this Order is, or may be construed as, any admission or concession by or against Ocwen or Plaintiff on any point of fact or law; and

c.   The certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action based on the Settlement and/or certification of the Settlement Class.  Ocwen shall not be precluded from challenging class certification in further proceedings in the Action or in any other action.  No agreements made by or entered into by Ocwen in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other action.

d.  Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence.  In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar Of Other Proceedings

16.  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Persons any action or proceeding in any court, arbitration forum or tribunal asserting any of the Settled Claims.

17.  Based on the foregoing, the Court sets the following schedule for the Final Approval hearing and the actions which must precede it:

a.  The Settlement Administrator shall mail the Notice no later than thirty (30) days from the date of this Order (the "Notice Date");

b.  Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the request for a service award no later than twenty-one (21) days prior to the Final Approval Hearing;

c.  Settlement Class Members must file requests for exclusion from the Settlement no later than twenty-one (21) days prior to the Final Approval Hearing;

d.  Plaintiff shall file her Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for a service award for Plaintiff, no later than seven (7) days after the Opt-Out Deadline and the Objection Deadline; and

e.  The Final Approval Hearing will be held (approximately) 120 days after entry of this Order, on ___October 7, 2019___ at, _11:00_ a.m. in the Courtroom of the Honorable Judge Robert C. Chambers, United States Courthouse, 845 Fifth Avenue, Huntington, West Virginia 25701.

Copy to any pro se plaintiff and all counsel of record.

IT IS SO ORDERED.

Dated: _June 6_, 20_19_     _____

Honorable Robert C. Chambers

Jointly Agreed to and Submitted By:


/s/ *Patricia M. Kipnis*                                          /s/ *Jason E. Manning*
Patricia M. Kipnis (WVSB #12896)              Jason E. Manning (WV Bar No. 11277)
BAILEY & GLASSER, LLP                         Troutman Sanders LLP
923 Haddonfield Road                          222 Central Park Avenue, Suite 2000
Suite 300                                     Virginia Beach, VA 23462
Cherry Hill, NJ   08002                       (757) 687-7564
(856) 324-8219
pkipnis@baileyglasser.com                     *Counsel for Defendant*

Jonathan R. Marshall (WVSB #10580)
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV  25301
(304) 345-6555
jmarshall@baileyglasser.com

Jed R. Nolan
MOUNTAIN STATE JUSTICE, INC.
223 Prince Street
Beckley, WV 25801
jed@msjlaw.org

Steven R. Broadwater, Jr. (WVSB #11355)
sbroadwater@hamiltonburgess.com
HAMILTON,   BURGESS,   YOUNG   &
POLLARD, P.L.L.C.
P.O. Box 959
Fayetteville, WV 25840
(304) 574-2727

*Counsel for Plaintiffs and the Settlement Class*